IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jasen Hussain-Tate, | ) CASE NO. 1:17 CV 2273 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| VA Medical Center *et al.*, | ) MEMORANDUM OPINION AND ORDER |
| Defendants. | ) |

*Pro se* plaintiff Jasen A. Hussain has filed this *in forma pauperis* civil action for malpractice and wrongful death against the VA Medical Center of Cleveland ("VA"), Eliza Bryant Village, and University Hospitals. (Doc. No. 1.) He alleges that his mother, a veteran, received deficient medical care and treatment in 2015, which caused her death. He seeks $500,000 in damages.

Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2). That motion is granted. His Complaint, however, is dismissed.

Federal courts are courts of limited jurisdiction and have a duty to consider their subject-matter jurisdiction in every case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a federal question is presented on the face of a well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n,*

*Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may be invoked under 28 U.S.C. § 1332 when the plaintiff presents a state-law claim between citizens of different states, and the amount in controversy exceeds $75,000.

Plaintiff's Complaint does not demonstrate a basis for an exercise of subject-matter jurisdiction over his claims against any Defendant.

First, any tort claim Plaintiff seeks to assert against the VA must be brought under the Federal Tort Claims Act ("FTCA"). The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106 (1993); 28 U.S.C. § 2675(a). There is no indication that Plaintiff has in fact pursued administrative remedies, let alone exhausted them. Therefore, the Court lacks jurisdiction over any federal claim under the FTCA he asserts against the VA. *See Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. Mar. 14, 2012) (recognizing that, under the FTCA, the failure to exhaust administrative remedies is "jurisdictional").

Second, Plaintiff has not demonstrated a basis for the Court to exercise diversity jurisdiction over state-law tort claims against Eliza Bryant Village and University Hospitals. Plaintiff has failed to plead the citizenship of any party in the case, and the civil cover sheet he submitted with his Complaint indicates that all parties are citizens of this State.

**Conclusion**

Accordingly, Plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction. This dismissal is without prejudice to any claims Plaintiff may properly assert under the FTCA after exhaustion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith

    IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2018